UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Cheryl Wynn | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS Final Approval of Class Action Settlement Agreement and Award of Attorneys' Fees, Costs, and Incentive Award**

Before the Court are Plaintiffs Tessa Koenig, Nila Cabistan, Jennie Holguin, Samantha Rex, Ana Sandez, Zena Pavia, Amirah Husbands, and Pearl Amaechi's ("Plaintiffs") motions for final approval of class action settlement and for attorneys' fees and costs. Dkts. # 54, *Motion for Final Approval of Settlement* ("*Mot.*"), # 56, *Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement Awards to Lead Plaintiffs* ("*Fees Mot.*"). The Court conducted a fairness hearing in this matter on April 2, 2018. Having considered the motions, the Court **GRANTS** Plaintiffs' motions.

I.    Background

On January 21, 2016, Plaintiffs filed this class action lawsuit against Defendant Lime Crime, Inc. ("Lime Crime" or "Defendant"), alleging (1) violations of consumer protection and data breach statutes, (2) negligence, and (3) breach of implied contract. *See generally Complaint,* Dkt. # 1 ("*Compl.*"). Plaintiffs were customers of LimeCrime.com, a website operated by Defendant that sells cosmetics products. *Id*. ¶ 8.

In February 2015, Lime Crime notified its customers that it had discovered malicious software on a third-party computer server that hosted Lime Crime's website and stored personally identifiable information ("PII") of Lime Crime's customers. *Id.* 1. Lime Crime disclosed that between October 4, 2014 and February 2015, hackers may have accessed PII such as customer names, addresses, credit/debit card account numbers along with expiration dates, security codes, and user names and passwords to Lime Crime's website (the "Incident"). *Id.*; *see also* Dkt. # 44, Ex. 2, *Declaration of Jonathan D. Carameros* ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

After receiving notice of the Incident, Plaintiffs filed this action, alleging that Lime Crime's failure to implement adequate security measures enabled intruders to intercept their PII and make unauthorized purchases on their credit and debit cards while putting other class members' PII at an ongoing risk of exposure and fraud. *Compl.* 1. Plaintiffs further allege that Lime Crime failed to disclose the extent of the breach or notify its customers in a timely manner. *Id.* 2.

After months of informal discovery, discussions, and negotiations, the parties mediated their dispute before the Honorable Judge David Brickner (Ret.), an experienced mediator, on August 10, 2016. *See* Dkt. # 44. As a result of these efforts, the parties reached a class-wide settlement and filed a motion for preliminary approval of the settlement. *See* Dkt. # 44, Ex. A ("Settlement Agreement"). The Court denied the motion, citing concerns with the *cy pres* recipients selected by Defendant and Lead Plaintiffs; the difficulties of the claims process for Eligible Claimants; and the benefits provided to the putative class by the injunctive relief. *See* Dkt. # 46.

Plaintiffs submitted a new settlement proposal based on the parties' revised Settlement Agreement. *See* Dkt. # 47. The Court granted Plaintiffs' motion for Preliminary Approval of the Settlement Agreement on July 31, 2017, finding that "[t]he parties have addressed the Court's prior concerns with the terms and procedures of the Settlement Agreement." *See* Dkt. # 48, *Order Granting Preliminary Approval of Class Action Settlement* ("*Preliminary Approval Order*").

A. Proposed Settlement Agreement

The Settlement Agreement provides for a settlement amount of $110,000 ("Settlement Fund") to be paid in consideration for the settlement and the release of any related claims as described in the Settlement Agreement. *Mot.* 7. Approximately 107,726 individuals had their website username and password potentially exposed during the Incident. *Id.* at 1. Each Eligible Claimant who submits a valid and timely claim will receive an amount up to forty-four dollars ($44). *Id.* 13. If the aggregate value of the valid and timely claims exceeds the Settlement Fund amount, the cash payment to each Eligible Claimant will be reduced on a pro rata basis. *Id.* After all Eligible Claimants who have submitted a claim are paid, any remaining Settlement Funds will be used to pay any remaining Notice and Administration costs. *Id.* Any remaining funds will be paid to Eligible Claimants who did not submit a valid and timely claim, on a pro rata basis, so long as the cost of sending such payments does not exceed the amount to be paid to each Eligible Claimant. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

Thereafter, any unclaimed portion of the Settlement Fund will be distributed to the UC Berkeley School of Information, Center for Long-Term Cybersecurity. *Id.* Further, the Settlement Agreement provides that each Class Member will receive a fifteen percent (15%) discount coupon for a one-time purchase on Lime Crime's website. *Id.* 7. As for injunctive relief, the Settlement Agreement provides that Lime Crime has agreed to implement security measures to bring its systems into compliance with the Payment Card Industry Data Security Standard ("PCIDSS"), thereby creating an additional level of protection for card issuers and customers. *Id.*; *see also* Dkt. # 47-1, *Stipulation of Settlement* ("*Stipulation of Settlement*"), ¶ 9. The estimated value of the injunctive relief is between $141,200 and $237,000. *See Fees Mot.* 1. Class Counsel represents that the total recovery in monetary and non-monetary relief for the Settlement Class is conservatively valued at $366,000. *See Mot.* 1.

Finally, Lime Crime will pay attorneys' fees, costs, expenses, and incentive awards separate from and in addition to the Settlement Fund. *Mot.* 12. The Settlement Agreement provides that Plaintiffs' counsel shall apply for an award of attorneys' fees, costs, and expenses not to exceed $140,000 and for incentive awards for the named Plaintiffs of up to $1,000 each. *Id.* Lime Crime's agreement to pay an award of attorneys' fees and expenses is in addition to the Settlement Fund. *See Fees Mot.* 7. Administration fees will cost approximately $100,602, and will be paid for by Lime Crime separate from the Settlement Fund. *See Stipulation of Settlement*, ¶ 9.

      B.      <u>Class Certification for Settlement Purposes</u>

The Court granted preliminary approval of the Settlement Agreement and its terms, as well as the proposed Notice of Class Action Settlement ("Class Notice"), on November 20, 2017. *See Preliminary Approval Order*. In its Order, the Court certified, for settlement purposes only, a Rule 23(b)(3) class of "[a]ll persons or entities who were sent an Incident Notice." *Id.* 4. The Incident Notice is defined as Lime Crime's notification of the Incident, made in writing in February 2015. *Id.*

II.      <u>Discussion</u>

      A.      <u>Final Approval of Class Settlement</u>

            i.      *Legal Standard*

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

determining whether a settlement is fair, reasonable, and adequate, the district court must "balance a number of factors: the strength of the Plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the Class Members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").

The district court must approve or reject the settlement as a whole. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify, or rewrite particular provisions of the settlement. *Id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier, smarter, or snazzier, but whether it is fair, adequate and free from collusion." *Id.* The Ninth Circuit has noted that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Synocor ERISA Litig.*, 516 F.3d 1095, 1011 (9th Cir. 2008).

        ii.    *Discussion*

            a.    *Strength of Plaintiffs' Case*

"An important consideration in judging the reasonableness of a settlement is the strength of Plaintiffs' case on the merits balanced against the amount offered in the settlement." *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

Here, both parties are represented by highly experienced and competent counsel. *Mot.* 9. Both have significant experience in complex litigation, consumer class actions, and data incident consumer class actions such as this, and so are well-informed of the legal claims at issue and the risks of this case. *Id.* "That specific experience is demonstrated in the vast number of consumer class actions that Plaintiffs' Counsel has successfully advanced over the years." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

Plaintiffs believe their case is strong and that Defendant's defenses lack merit; there is no dispute about the basic facts underlying the data breach, which did occur and which did result in the compromise of Lime Crime customer data. *See Mot*. 5?6. Defendant, however, disputes whether those customers incurred damages at all, whether they experienced any fraudulent transactions as a result of the breach, and maintains that the breach was caused by a third-party vendor. *Mot*. 6. Both sides intended to call data breach experts. *Id*. Because of the difficulty of proving damages and causation, Plaintiffs faced a substantial risk of losing at summary judgment or at trial. *Id*.

Given the above considerations, the Court agrees with Plaintiffs that this factor weighs in favor of approving the Settlement Agreement.

                               b.        *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *Officers for Justice*, 688 F.2d at 625. This litigation has already been underway for more than two years and, if the case were to go on trial as a class action, the fees and costs would increase dramatically. *Mot*. 9. "At the outset of this litigation, due to the small niche size of Lime Crime, the limited size of the class, and the difficulty of proving damages, both Class Counsel and counsel for Lime Crime thought it prudent to pursue settlement negotiations and informal discovery to see if an early settlement agreement could be reached that would meet the needs of all parties." *Id.* The Settlement significantly minimizes the delay and costs that litigation would entail. The Court agrees with Plaintiffs that this factor also weighs in favor of approving the settlement.

                               c.        *Risk of Maintaining Class Action Status Through Trial*

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *Preliminary Approval Order* at 2. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment." Fed. R. Civ. P. 23(c)(1)(C). Because Defendant "continues to deny that any Settlement Class Member has suffered damage as a result of the Incident, and denies that Settlement Class Members had any fraudulent transactions at all, and claims that it reasonably relied on reputable third-party vendors to design and maintain its systems," *see Mot*. 6, this factor favors final approval of the Settlement Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

### d. Amount Offered in Settlement

"[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624. The Ninth Circuit has explained that "it is the very uncertainty of the outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id*. at 625 (citations omitted). Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation. *See id.*

The Court is satisfied that the ultimate settlement amount of $110,000 plus a fifteen percent (15%) one-time discount towards an unlimited purchase of Lime Crime products valid for one year is reasonable considering the circumstances of the case. The Court considered the parties' respective opinions regarding the value and merits of this case during the preliminary approval stage and continues to find that this amount is reasonable in light of the challenges described above. *See Aarons v. BMW of N. Amer., LLC*, No. CV 11–7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most Class Members completely whole, Class Members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"). The Court also considers the collectability of a favorable judgment if the case proceeded to trial, given that Lime Crime is a privately owned niche online boutique company that only sells via the Internet. *Mot.* 7.

Here, the total payment to Class Members is $110,000. *See Mot.* 7. Plaintiffs claim that this is an excellent result for a data breach class action settlement. *Id.* 8. Plaintiffs expect a "pro rata distribution amount for all affected by the Incident [to be] $1.05 … By comparison, the Home Depot data breach impacted approximately 56 million individuals, and pro rata distribution of the settlement fund would have amounted to a mere $0.23 per impacted consumer." *Id*. To date, 3,094 Class Members have filed a claim, with one week remaining to do so. Class Counsel expects that number to remain roughly the same, bringing the final recovery for each claimant to between $30 and $33.

The Court originally expressed concerns regarding the value of the injunctive relief, the coupon usage rates and value, and the *cy pres* distribution. *See* Dkt. # 45 at 6-9. The Court subsequently determined that Plaintiffs adequately addressed these concerns in their revised proposed settlement agreement. *See Preliminary Approval Order* at 10-11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

Therefore, in light of the results achieved and the uncertainties associated with litigating this case through trial, the Court finds that this factor too counsels in favor of approving the settlement.

> e. *The Extent of Discovery and the Stage of the Proceedings*

This factor requires the Court to gauge whether Plaintiffs have sufficient information to make an informed decision about the merits of their case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks and citations omitted).

Although formal discovery had not commenced, Plaintiffs conducted informal discovery concerning the size of the potential settlement class and the nature of the incident itself. *See Mot.* 9; *see also Glass v. UBS Fin. Servs., Inc.*, CV 06-4068 MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007), *aff'd* 331 F. App'x 452 (9th Cir. 2009) (citing *In re Mego*, 213 F.3d at 459) (reasoning that the parties' having undertaken informal discovery prior to settling supports approving the class action settlement).

The parties also participated in a good-faith, arms' length mediation. *Mot.* 10. The Court is confident that Plaintiffs had enough information to make an informed decision about the settlement based on the strengths and weaknesses of their case. This factor weighs in favor of granting final approval.

> f. *The Experience and Views of Class Counsel*

The recommendations of Plaintiffs' counsel are given a presumption of reasonableness. *See, e.g.*, *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

Here, Class Counsel for Plaintiffs has extensive experience in leading consumer class actions and other complex litigation matters. *See Mot.* 11; *see also* Dkt. # 56-2, *Declaration of William B. Federman* ("*Federman Decl.*") ¶ 24. Class Counsel asserts that the settlement is fairly and honestly negotiated, and is the "product of extensive investigation of the relevant claims asserted in the Action and follows the filing of a complex complaint, financial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

considerations and exchanges of documents and information between the parties, and months of negotiations." *Id.* ¶ 23. The Court sees no evidence to rebut the presumption that Class Counsel's recommendation should be regarded as reasonable. This factor therefore weighs in favor of final approval.

>  g. *The Presence of a Government Participant*

This factor is neutral because there is no government entity participating in the case.

>  h. *Reaction of the Class Members to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the Class Members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, No. 11–CV–0973 W(KSC), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, Notice to Class Members has been successfully distributed to 90,464 potential Class Members by email and to 15,576 potential Class Members by U.S. mail. *See Mot.* 1; *see also Federman Decl.* ¶ 5. As requested by the Court, the Settlement Administrator created a settlement website at **www.lcsettlement.com** to inform Class Members "of the terms of the Agreement, their rights, dates and deadlines, updates, linked access to the Agreement, the Long Form Notice and Summary Notice, the motion for final approval of the settlement, any motion seeking attorneys' fees, costs, expenses, and service awards, the Preliminary Approval Order, the Claim Form and the complaint." S*ee Preliminary Approval Order* at 13; *Federman Decl*. ¶ 5. The deadline for Class Members to file objections was February 22, 2018. *Federman Decl*. ¶ 50. To date, not a single Class Member has objected to the Settlement. *Mot*. 11; *see also Federman Decl*. ¶ 50. Only five Class Members have sought exclusion from the Settlement. *Id*.

This factor thus weighs in favor of approval.

>  iii. Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

Having reviewed the relevant factors and found that none counsel against approval of final settlement, the Court **GRANTS** Plaintiffs' motion for final approval of the class action settlement.

  B.  <u>Motion for Attorneys' Fees, Costs, and Incentive Awards</u>

Plaintiffs move for: (1) an award of attorneys' fees and expenses in the aggregate amount of $140,000.00; and (2) service awards in the amount of $1,000.00 for each of the eight named Plaintiffs. *Fees Mot.* 17.

    i.  *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *Staton v. Boeing Co*, 327 F.3d 938, 963 (9th Cir. 2003); *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09–06750 MMM (DTBx), 2010 WL 9499073, at *3–5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the common fund method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method). The Court will analyze Class Counsel's fee request under both theories.

    ii.  *Attorneys' Fees*

      a.  *Percentage of the Common Fund*

Under the percentage-of-recovery method, courts typically calculate 25 percent of the fund as a benchmark for a reasonable fee award. *See In re Bluetooth*, 654 F.3d at 942. The percentage can range, however, and courts have awarded more than 25 percent of the fund as attorneys' fees when they have deemed a higher award to be reasonable. *See e.g., Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLMx), 2010 WL 2196104, at *8 (S.D. Cal. Jun.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

1, 2010) (finding as reasonable an award of 33.3 percent of the common fund because Class Counsel took the case on a contingent basis and litigated for two years, awards usually range from 20 percent to 50 percent , and no class member objected to the award); *Gardner v. GC Services, LP*, No. 10CV0997-IEG (CAB), 2012 WL 1119534, at *7 (S.D. Cal. Apr. 2, 2012) (finding as reasonable a departure from the 25 percent benchmark where the results achieved were favorable, the risks of litigation were substantial, and the case was complex).

When assessing a fee awards' reasonableness under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the Plaintiff; and (5) awards made in similar cases." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (citing *Viscaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)).

Class Counsel requests that the Court approve an attorneys' fee award of 38 percent of the total settlement amount of $366,000, which includes the Settlement Fund, injunctive relief, and coupon. *Fees Mot.* 12. Turning to the *Viscaino* factors, the Court first finds that the results are favorable to the class, given the substantial risk inherent in any class action. Second, the Court finds that the risks of litigation were real and substantial, given that Defendant had asserted numerous complete liability defenses against Plaintiffs' claims and argued that Class Members have not suffered actual damage or experienced fraudulent transactions as a result of the Incident. *See Federman Decl.* ¶ 42. Plaintiffs also argue that there was no certainty "whether Plaintiffs would overcome Defendants' anticipated motions to dismiss – much less survive a summary judgment motion, or prevail at trial or on any post trial appeals." *Id.* ¶ 41. Therefore, had Plaintiffs proceeded to trial, they would have encountered significant challenges and risked the possibility that the jury would agree with Defendant's experts or even that the Court would not certify the class. Third, the duration of the case—lasting over two years to date—counsels in favor of the attorneys' fees award. Fourth, Class Counsel has litigated this case on a contingent fee basis, receiving no compensation at all and incurring significant expenses for the two years they have been litigating this case; this too counsels in favor of approving the award. *Fees Mot.* 15.

The request for attorneys' fees in the amount of 38 percent falls well outside of the benchmark range of 25 percent. *See, e.g.*, *In re Mego*, 213 F.3d at 463 (upholding district court's award of 33 1/3 percent of the settlement fund); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. MDL 3:07-md-1827 SI, 2011 WL 7575003, at *1 (N.D. Cal. Dec. 27, 2011) (awarding attorneys' fees in the amount of 30 percent of $405 million settlement fund); *Knight v. Red Door Salons, Inc.*, No. 08-1520 SC, 2009 WL 248367, at *17 (N.D. Cal. Feb. 2, 2009) ("[N]early all common fund awards range around 30%."); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *21 (C.D. Cal. June 10, 2005) (awarding attorneys' fees in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

the amount of 33 1/3 percent where "[v]arious issues litigated in this case concerned relatively uncharted territory").

Given the above considerations, however, the Court finds an upward departure from the 25 percent benchmark reasonable in light of the results achieved, the risks of litigation, the contingent nature of the fee, and the financial burden carried by Class Counsel, and approves an award of 38 percent of the common fund, or $140,000.

### b. *Lodestar Cross-Check*

Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award. *See Vizcaino*, 290 F.3d at 1050. To determine attorneys' fees under the lodestar method, a court must multiply the reasonable hours expended by a reasonable hourly rate. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1294 n. 2 (9th Cir. 1994). The Court may then enhance the lodestar with a "multiplier," if necessary, to arrive at a reasonable fee. *Id.*

### 1. *Reasonable Hours*

An attorneys' fees award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 839 (9th Cir. 1982).

Here, Plaintiffs are represented by three law firms: Federman & Sherwood ("Federman")*,* a large Oklahoma City, Oklahoma firm specializing in consumer class actions; Abington Cole + Ellery ("Abington"), a Tulsa, Oklahoma boutique firm; and Green & Noblin, P.C. ("Green"), a small Long Beach, California firm specializing in business litigation and consumer protection. *Fees Mot.* 20. The records demonstrate that Federman has to date spent 424.30 hours in total, Abington spent 84.7 hours, and Green has spent 1.7 hours. See Federman Decl. ¶ 38; Dukelow Decl. ¶ 5; Green Decl. ¶ 6. Class Counsel engaged in extensive investigation, financial inquiry, and exchange of documents and information between the parties, and months of negotiations with opposing counsel. See Federman Decl. ¶ 23. Class Counsel has made efforts to avoid unnecessary duplication, careful coordinating with one another under the direction of Lead Counsel. Id. ¶ 40. After reviewing the records submitted by Plaintiffs, the Court finds Class Counsel's 510.70 hours reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

        2.      *Reasonable Rate*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community.") (citations omitted); *Viveros v. Donahue*, Case No. 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11–02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, Case No. 2009 WL 605789, at *5 (C.D. Cal. March 9, 2009).

Here, Counsel from Federman requests hourly rates in the range of $250 to $850 per hour, with $850 as the hourly rate for partners, $475 to $510 for associates, and $250 for paralegals. *See Federman Decl.* ¶ 38; Ex. 1. Counsel Cornelius Dukelow from Abington charges $550 per hour, *see* Dkt. # 56-2, *Declaration of Cornelius Dukelow ("Dukelow Decl.")* ¶ 5, while two people from Green worked on the case; the firm's partner billed at $750, while a paralegal billed at $195. *See* Dkt. # 56-2, *Declaration of Robert Green* ("*Green Decl.*") ¶ 8.

The Court turns to the *Real Rate Report: Lawyer Rates, Trends, and Analysis* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, NO. CV 13–00728–PSG–MAN, 2015 WL 4720478, at *4–5 (C.D. Cal. Oct. 23, 2015); *Carbajal v. Wells Fargo Bank, N.A.*, No. CV 14–7851 PSG (PLAx), 2015 WL 2454054, at *5 (C.D. Cal. July 29, 2015). As Judge Fisher explained in *Hicks v. Toys 'R' Us-Delaware, Inc.*, No. CV13–1302–DSF (JCGx), 2014 WL 4670896 (C.D. Cal. Sept. 2, 2014), the Real Rate Report is persuasive because it:

> identifies attorney rates by location, experience, firm size, areas of expertise, and industry, as well as the specific practice areas, . . . [and] it is based on actual legal billing, matter information, and paid and processed invoices from more than 80 companies—a much better reflection of true market rates than self-reported rates in all practice areas as part of a national survey of top firms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

*Id*. at *1 The 2016 Real Report provides a number of useful data points for assessing the reasonableness of Class Counsel's attorneys' fees requests. In the practice area of consumer litigation, partners range from $251.83 to $524.29, while associates range from $175.00 to $350.00. *Id*. 92. Paralegals' rates range from $113.99 to $230. *Id*. 45.

The hourly rates asserted by Class Counsel here are in some cases significantly higher than the Real Rate numbers. Where those rates are higher than the Real Rate range, the Court will adjust downward and apply the high range number for partners, associates, and paralegals in this consumer litigation. The Court recalculates Class Counsel's lodestar as follows:

| Attorney | Requested Rate | Adjusted Rate | Hours Worked | Total |
|---|---|---|---|---|
| Robin Hester | 250 | 230 | 15.4 | 3,542.00 |
| Carin Marassun | 510 | 510 | 9.6 | 4,896.00 |
| James Woodruff | 510 | 510 | 6.75 | 3,442.50 |
| Bill Federman | 850 | 525.29 | 66.95 | 35,168.16 |
| Frand Taylor | 250 | 230 | .25 | 57.50 |
| Joshua Wells | 475 | 350 | 275.65 | 96,477.50 |
| Chad Wallis | 250 | 230 | 3 | 690.00 |
| Decoona Rowden | 250 | 230 | 1.5 | 345.00 |
| Brooke Murphy | 475/500 | 350 | 3 | 1,050.00 |
| Nicole Johnson | 350 | 350 | 26.1 | 9,135.00 |
| Jared King | 250 | 230 | 1.5 | 345.00 |
| Allicia Bolton | 250 | 230 | .3 | 69.00 |
| Cornelius Dukelow | 550 | 525.29 | 84.7 | 44,492.06 |
| James Noblin | 750 | 525.29 | .9 | 472.76 |
| Patricia Spaleta | 195 | 195 | .8 | 156.00 |
| | | | | Total: **$200,338.48** |

### 3. *Summation*

Based on the aforementioned rates and hours worked, Plaintiffs estimate that Class Counsel's collective loadstar is $264,155.75. *See Fees Mot.* 10. However, because some of Class Counsel's rates are higher than those included in the Real Rate Report, the Court will use the more conservative lodestar of $200,338.48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

Having cross-checked the adjusted rates and the hours worked, the Court finds that a fee award in the amount of $140,000 is reasonable under both the common fund and lodestar theories, and therefore **GRANTS** Plaintiffs' motion for attorneys' fees.

### iii. Litigation Costs

In addition to attorneys' fees, Class Counsel requests reimbursement of $17,874.88 for expenses incurred in this action, and has submitted detailed expense reports and declarations in support of this request. *Fees Mot*. 12. Attorneys are typically permitted "to recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Techs.*, 559 F. Supp. at 1048. Here, Class Counsel has reviewed accounting records and invoices for appropriateness and necessity of the costs, as has the Court. *Federman Decl.* ¶ 53. The Court is satisfied that these costs are reasonable, and therefore, the Court **GRANTS** Plaintiffs' motion for costs in the amount of $17,874.88.

### iv. Incentive Award for Plaintiff

Lead Plaintiffs request that the court award them $1,000 each. *Fees Mot*. 8. "Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (citations omitted); *see also In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014). When considering requests for case contribution awards, courts consider five factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*See Van Vraken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Courts have approved incentive awards of $7,500 when individual claimants receive an average award of at least $4,000, *see Morales v. Stevco, Inc.*, No. 1:09-cv-00704 AWI, 2012 WL 1790371, at *14, 16-19 (E.D. Cal. May 16, 2012); *Alvarado v. Nederend*, No. 1:08-cv-01099 OWW DLB, 2011 WL 1883188, at *9-11 (E.D. Cal. May 17, 2011), and have approved incentive payments of $2,500 where wage and hour Class Members would each receive, on average, only $65.79, *see Monterrubio v. Best Buy Stores,* L.P., 291 F.R.D. 443, 463 (E.D. Cal. May 14, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al*. v. Lime Crime, Inc. | | |

Here, the Lead Plaintiffs are customers, not employees, of Lime Crime. They therefore face no risk, financial or otherwise, in commencing suit. They do not face threat of termination or lack of future employability as a result of bringing this action. Class Counsel has similarly not offered any evidence of notoriety or personal difficulty faced by the Lead Plaintiffs. The first two factors, then, weigh against an incentive award. Class Counsel states that Lead Plaintiffs "took the time to serve as plaintiffs and assist in the prosecution of a case involving the enforcement of important consumer protection laws." *Fees Mot. 8*. Plaintiffs' efforts included providing Counsel with information concerning their purchases, communicating with Class Counsel, providing extensive intake interviews, and participating in settlement negotiations. *See Federman Decl.* ¶ 57. *Id.* 15. While Class Counsel has detailed the effort of the Lead Plaintiffs, it does not provide any estimate of how many hours each Lead Plaintiff spent assisting the litigation. *See generally Fees Mot*. The litigation has lasted nearly two years. Class Counsel has not offered any indication that Lead Plaintiff suffered any detriment as a result of the Settlement; the amount of the award requested would certainly constitute a benefit.

The first and second *Van Vraken* factors weigh against an incentive award, and the fourth and fifth are neutral. As for the third factor, time and effort by the Lead Plaintiff, the Court is persuaded that Lead Plaintiffs were involved with the litigation and expended some effort, though the Court does not know how much time each spent. Class Members are expected to receive between $30 and $33 each; Lead Plaintiffs' award of $1,000 each would constitute roughly thirty-three times the recovery of each Class Member, which the Court finds reasonable. *See Monterrubio*, 291 F.R.D. at 463 (finding an award of thirty-eight times the class members' recovery reasonable). The Court is satisfied that Lead Plaintiffs justified an incentive fee. Accordingly, the Court **GRANTS** Plaintiffs' request for an incentive award of **$1,000** for each Lead Plaintiff.

IV. <u>Conclusion</u>

For the reasons stated above, Plaintiffs' motions for final approval of class settlement and for approval of attorneys' fees and costs are **GRANTED**. Accordingly, it is **HEREBY ORDERED AS FOLLOWS**:

· The Court approves settlement of the action between Plaintiffs and Defendant, as set forth in the Settlement Agreement, as fair, reasonable, and adequate. The Parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-503 PSG (JEMx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | Tessa Koenig, *et al.* v. Lime Crime, Inc. | | |

·       Class Counsel is awarded $140,000.00 in attorneys' fees and $17,874.88 in costs. Additionally, each of the Named Plaintiffs is awarded $1,000.00. The Court finds that these amounts are warranted and reasonable for the reasons set forth in the moving papers before the Court and the reasons stated in this Order.

·       Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendant and the Settlement Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order.

**IT IS SO ORDERED.**